**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO. 1:00CR6-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | <u>O R D E R</u> |
| | ) | |
| | ) | |
| CLARK PROCTOR, JR. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's motion, filed March 5, 2007, for the return of property and the Government's response thereto.

The Defendant was indicted on February 10, 2000, and charged with being involved in a conspiracy to possess with intent to distribute cocaine base which allegedly began in August 1996. After trial, the undersigned sentenced him to 360 months imprisonment. **Judgment in a Criminal Case, filed January 17, 2001.** On appeal, his conviction and sentence were affirmed. ***United States v. Proctor*, 34 F. App'x 902 (4th Cir. 2002).** The Defendant subsequently moved to vacate, set aside or correct his sentence, a motion which was denied by the undersigned. ***See*, Motion to**

**Vacate pursuant to 28 U.S.C. § 2255, filed May 5, 2003; Memorandum and Order, Judgment, filed October 21, 2003.** His attempt to appeal that denial was unsuccessful. *United States v. Proctor*, 97 F. App'x 458 (4th Cir. 2004).

On March 5, 2007, over seven years after he was indicted, the Defendant has moved for the return of $6,010.00 in currency which was seized during a search of the residence of Maggie Logan, a co-defendant in this case. The Defendant claims that the money was rightfully his, having been given to him as rent for a business which he owned with Billy Kee. The Defendant also acknowledges that he claimed ownership of the money but does not disclose that he did so in the context of a formal proceeding. The Defendant finally claims that an officer of the Isothermal Narcotics Task Force, which executed the search warrant, was later investigated in connection with the disappearance of seized funds. It is not alleged that the funds at issue were involved.

In response, the Government discloses that the Drug Enforcement Administration (DEA) initiated an administrative forfeiture in August 1996; the Defendant received actual notice of the forfeiture and appeared in the proceeding with counsel, but it was determined that the Defendant's claim

was untimely. A declaration of administrative forfeiture was issued on December 3, 1996. In May 1997, the DEA denied the Defendant's petition for remission or mitigation and the Defendant took no further action thereafter.

> Rule 41(e) provides that a person aggrieved by an unlawful search and seizure may move the district court for return of the property on the ground that such person is entitled to lawful possession of the property. A Rule 41(e) motion is unavailable, however, when property is retained pursuant to civil forfeiture instead of for use as evidence.

***United States v. Eubanks*, 169 F.3d 672, 674 (11ᵗʰ Cir. 1999) (citations omitted).** In fact, "federal common law consistently has held that federal courts lack jurisdiction to review the merits of a forfeiture decision that [an agency] has reached in the exercise of [its] discretion." ***Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11ᵗʰ Cir. 1990); *Mesa Valderrama v. United States*, 417 F.3d 1189 (11ᵗʰ Cir. 2005).**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for return of property is hereby **DENIED**.

4

Signed: April 5, 2007

Lacy H. Thornburg
United States District Judge